IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  vs.<br><br>BRIAN K. BOULB,<br><br>      Defendant. | Case No. 12-cr-40097-JPG |

**MEMORANDUM AND ORDER**

This matter comes before the Court defendant Brian K. Boulb's affidavit and motion for review (Doc. 36). Boulb states he was charged with driving under the influence in state court in September 1998 during which time attorney David Hyde represented him. Subsequently, in September 2008, Boulb was charged with possession of material to manufacture methamphetamine in state court. Boulb alleges David Hyde, now the state's attorney, offered Boulb a plea deal. Boulb contends he believed Hyde was still his attorney, not the prosecutor, and accepted the plea deal based on the erroneous belief that Hyde was still his attorney.

In the instant case, Boulb was assessed three criminal history points for the aforementioned 2008 state court conviction. It also appears that this 2008 state court conviction contributed to Boulb's career offender classification. While it is not entirely clear, it appears Boulb is making an argument that his state court conviction, which resulted in a higher sentencing range in the instant case, was invalid and it was error to lengthen his sentence based on an invalid conviction. *See United States v. Reeves*, 695 F.3d 637, 639 (7th Cir. 2012) ("This is a permissible although unusual method to launch a collateral attack on a prior conviction. . . .

[I]f a prior state conviction was established in violation of the Sixth Amendment, that conviction cannot be counted to enhance a later sentence).

The Court believes that, although he did not cite it in his motion, Boulb intends to invoke 28 U.S.C. § 2255 because the relief he seeks is only available through such a motion. However, the Court is hesitant to construe this as a § 2255 motion without a clear indication that Boulb intends to invoke that statute. "[T]he court cannot so recharacterize a *pro se* litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." *Castro v. United States*, 540 U.S. 375, 377 (2003).

The Court **WARNS** Boulb that if he does not file a motion to withdraw his pending motion on or before **July 11, 2014**, the Court will construe it as a § 2255 motion and Boulb will then be subject to the second or successive filing requirements contained in 28 U.S.C. § 2255, ¶ 8.

**IT IS SO ORDERED.**

**DATED:** June 12, 2014

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**