IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.

BRIAN K. BOULB,
Defendant.

Case No. 12–CR–40097–JPG

## **MEMORANDUM & ORDER**

Before the Court is Defendant Brian K. Boulb's "60.B Motion under the 'First Step Act.'" (ECF No. 56). He stated that he is an "innocent career offender" because his state felony conviction was vacated. He also attached a snippet from a previous order dismissing his petition under 28 U.S.C. § 2241.

The First Step Act of 2018 is a piece of landmark legislation aimed at reforming the federal prison system and reducing recidivism. Among its many provisions, the First Step Act makes the Fair Sentencing Act retroactive, allowing prisoners serving sentences based on the old crack-cocaine laws to petition for resentencing in the district courts. Pub. L. No. 115-39, § 404, 132 Stat. 5194, 5222 (2018). The First Step Act applies to defendants convicted under 21 U.S.C. §§ 841(b)(1)(A), (B) and 960(b)(1), (2).

In 2013, Defendant pleaded guilty to a three-count indictment relating to the manufacture of methamphetamine under 21 U.S.C. §§ 841(a)(1), (c)(2) and 843(a)(6). Based on his prior criminal convictions, the Court determined that Defendant was a career offender under § 4B1.1 of the United States Federal Sentencing Guidelines, raising his criminal history category from IV to VI. Specifically, Defendant received a federal felony conviction relating to the manufacture of methamphetamine in 1999 and a state felony conviction relating to a similar offense in 2008. The

Court sentenced him to a term of 235 months' imprisonment, which was later reduced to 157 months.

Even liberally construing the pro se motion, the Court cannot discern Defendant's argument under the First Step Act, which only applies to prisoners sentenced for crack-cocaine, not other drugs. To the extent that Defendant is arguing that he must be resentenced because his state-court conviction was vacated, that is an issue reserved for collateral attack under 28 U.S.C. § 2255. And Defendant already presented that argument to the United States Court of Appeals for the Seventh Circuit, which denied him permission to file a second or successive habeas petition. Boulb v. United States, No. 17-3384, ECF No. 29 (7th Cir. Dec. 7, 2017) ("He argues only that his sentence seems too high now that his state conviction has been vacated—and we have held that this sequence of state and federal sentencing events does not entitle a prisoner to a second § 2255 motion.").

"Prisoners are not allowed to avoid the restrictions that Congress has placed on collateral attacks on their convictions . . . by styling their collateral attacks as motions for reconsideration under Rule 60(b)." Harris v. Cotton, 296 F.3d 578, 579 (7th Cir. 2002). And a certificate of appealability is required to appeal the dismissal of an unauthorized collateral attack. Sveum v. Smith, 403 F.3d 447, 448 (7th Cir. 2005). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Defendant must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." Ouska v. Cahill-Masching, 246 F.3d 1036, 1046 (7th Cir. 2001).

Defendant's Rule 60(b) Motion—construed as a § 2255 motion—is **DISMISSED** because it is an unauthorized second petition submitted without the Seventh Circuit's permission. (ECF No. 56). And since the Seventh Circuit has already weighed in on Defendant's argument regarding the vacated state-court conviction and determined that he is not entitled to file a second § 2255 motion, the Court **DECLINES** to issue a certificate of appealability. Defendant's Motion for Status is also **DENIED AS MOOT**. (ECF No. 57).

**IT IS SO ORDERED.**

**Dated: Friday, February 28, 2020**

        **S/J. Phil Gilbert**
        **J. PHIL GILBERT**
        **UNITED STATES DISTRICT JUDGE**