UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

BRIAN K. BOULB,

       Defendant.

Case No. 12-cr-40097-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Brian K. Boulb's "Rule 60B Motion" (Doc. 62). In his motion, Boulb asks the Court to vacate his February 2013 sentence because one of the convictions used to support his career offender status has been vacated. He further criticizes his appellate counsel in a prior proceeding under 28 U.S.C. § 2255 for failing to adequately argue that the one-year limitations period for filing that previous § 2255 should have been equitably tolled. He asks for appointment of counsel.

As indicated above, this is not Boulb's first § 2255 motion. In his first motion, *Boulb v. United States*, No. 14-cv-737 (S.D. Ill.), Boulb advanced the argument that his prior convictions did not support career offender status. The Court denied that motion as untimely, and the Court of Appeals affirmed that decision. *See Boulb v. United States*, 818 F.3d 334 (7th Cir. 2016). After that, the Court of Appeals twice denied Boulb leave to file a second or successive petition under § 2255 based on similar arguments. *Boulb v. United States*, No. 17-2588 (7th Cir. Aug. 10, 2017); *Boulb v. United States*, No. 17-3384 (7th Cir. Dec. 7, 2017). And this Court dismissed a § 2255 motion (disguised as a motion under the First Step Act) that Boulb filed despite the lack of permission from the Court of Appeals (Docs. 56 & 58).

Although his pending motion is labeled as a motion to vacate judgment under Rule 60(b)

of the Federal Rules of Civil Procedure, it is not a *bona fide* Rule 60(b) motion but another attack on his criminal sentence.  A post-judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (acknowledging "an objection to the validity of the criminal conviction or sentence is [a § 2255 motion] no matter how it is couched or captioned").

Boulb's pending motion, which resumes his attack on his prior judgment based on his career offender status, is a successive petition under the rule of *Gonzalez*.  In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Court of Appeals has not made such a certification and has, in fact, twice refused Boulb's requests for such a certification.  Therefore, the Court does not have jurisdiction to consider Boulb's motion (Doc. 62) and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:  September 15, 2021**

                                                  s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**