UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>   v.<br><br>BRIAN K. BOULB,<br><br>       Defendant. | Case No. 12-cr-40097-JPG |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Brian K. Boulb's letter dated September 30, 2021, which the Court construes as a motion to reduce sentence (Doc. 64). As in a previous motion, Boulb asks the Court to vacate his February 2013 sentence because the prior convictions used to support his career offender status have been vacated.

This is not Boulb's first § 2255 motion. In his first motion, *Boulb v. United States*, No. 14-cv-737-JPG (S.D. Ill.), Boulb advanced the argument that his prior convictions did not support career offender status. The Court denied that motion as untimely, and the Court of Appeals affirmed that decision. *See Boulb v. United States*, 818 F.3d 334 (7th Cir. 2016). After that, the Court of Appeals twice denied Boulb leave to file a second or successive petition under § 2255 based on similar arguments. *Boulb v. United States*, No. 17-2588 (7th Cir. Aug. 10, 2017); *Boulb v. United States*, No. 17-3384 (7th Cir. Dec. 7, 2017). And this Court dismissed two § 2255 motions (one disguised as a motion under the First Step Act, the other as a motion under Federal Rule of Civil Procedure 60(b)) that Boulb filed despite the lack of permission from the Court of Appeals (Docs. 56, 58, 62 & 63).

Although his pending motion is labeled as a motion to reduce sentence, it is another attack on his criminal sentence. A post-judgment motion that advances a new claim, that is, a

new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (*habeas* context); *see United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (acknowledging "an objection to the validity of the criminal conviction or sentence is [a § 2255 motion] no matter how it is couched or captioned").

Boulb's pending motion, which resumes his attack on his prior judgment based on his career offender status, is a successive petition under the rule of *Gonzalez*.  In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h).  *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996).  The Court of Appeals has not made such a certification and has, in fact, twice refused Boulb's requests for such a certification.  Therefore, the Court does not have jurisdiction to consider Boulb's motion (Doc. 64) and **DISMISSES** it for **lack of jurisdiction**.

**IT IS SO ORDERED.**
**DATED:  October 12, 2021**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**