UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 12-cr-40097-JPG |
| BRIAN K. BOULB | |
| Defendant. | |

### MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Brian K. Boulb's letter dated January 31, 2022, which the Court construes as a collateral attack under § 2255 (Doc. 66). Boulb asks the Court to withdraw his plea because of ineffective assistance of counsel based on the fact counsel failed to investigate Defendant's former convictions which he claims caused him a 3-point enhancement as a career offender. It is clear from Boulb's letter that he takes issue with the ultimate imposition of sentence and thus the Court will construe this motion as a collateral attack under § 2255.

This is not Boulb's first § 2255 motion. In his first motion, *Boulb v. United States*, No. 14-cv-737-JPG (S.D. Ill.), Boulb advanced the same argument that his prior convictions did not support career offender status. The Court denied that motion as untimely, and the Court of Appeals affirmed that decision. *See Boulb v. United States*, 818 F.3d 334 (7th Cir. 2016). After that, the Court of Appeals twice denied Boulb leave to file a second or successive petition under § 2255 based on similar arguments. *Boulb v. United States*, No. 17-2588 (7th Cir. Aug. 10, 2017); Boulb v. United States, No. 17-3384 (7th Cir. Dec. 7, 2017). And this Court dismissed three § 2255 motions (one disguised as a motion under the First Step Act, one as a motion under Federal Rule of Civil Procedure 60(b), and another as a motion to reduce sentence) that Boulb

1

filed despite the lack of permission from the Court of Appeals (Docs. 56, 58, 62, 63, 65 and 66).

Although his pending motion is labeled as a motion to withdraw a plea, it is another attack on his criminal sentence. A post-judgment motion that advances a new claim, that is, a new ground for relief from a conviction, or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005) (habeas context). *United States v. Scott*, 414 F.3d 815, 816 (7th Cir. 2005) (acknowledging "an objection to the validity of the criminal conviction or sentence is [a § 2255 motion] no matter how it is couched or captioned").

Boulb additionally does not make an excuse for failing to raise the claim in his initial petition. *United States v. Obeid*, 707 F.3d 898, 902 (7th Cir. 2013) ("such as when newly discovered evidence supports a claim that the petitioner received ineffective assistance of counsel" and only the former class escapes classification as successive).

Boulb's pending motion, which resumes his attack on his prior judgment based on his career offender status, is a successive petition under the rule of *Gonzalez*. In order for this Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255(h). *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Court of Appeals has not made such a certification and has, in fact, twice refused Boulb's requests for such a certification. Therefore, the Court does not have jurisdiction to consider Boulb's motion (Doc. 66) and DISMISSES it for lack of jurisdiction.

**IT IS SO ORDERED.**
**Dated: February 2, 2022**

                                            /s/ J. Phil Gilbert
                                            J. PHIL GILBERT
                                            DISTRICT JUDGE